UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR HERNANDEZ-LUNA

    Plaintiff,

v.                                             Case No. 6:12-cv-575-ORL-28TBS

W.K EVENTS, INC. and
INTERSTATE AMUSEMENTS
OF AMERICA, INC.,

    Defendants.
_____/

## ORDER

    Pending before the Court is the parties' Join Motion for Approval of Settlement Agreement (Doc. 12), filed July 11, 2012. The District Judge has referred the Joint Motion to the undersigned for the preparation of a Report and Recommendation stating whether the parties' settlement is a "fair and reasonable resolution of a bonafide dispute" of the Plaintiff's Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et. seq. claim. Lynn's Food Stores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The Court has read the Joint Motion and attached agreement and cannot recommend its approval to the District Judge. However, rather than recommend that the District Judge reject the parties' proposed settlement, the Court will outline its concerns and provide the parties an opportunity to revise their Joint Motion.

    In Lynn's Food, the Eleventh Circuit explained that claims for compensation under the FLSA may be settled in one of two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. Id. at 1353. Second, parties may

settle and compromise claims under the FLSA if the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. This action represents the latter circumstance.

Before approving an FLSA settlement, the Court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id.

The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). With these decisions in mind, the Court has the following concerns about the settlement agreement at issue here:

1. The parties have not made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims." Dees, 706 F. Supp. 2d at 1243.

2. The Court cannot tell from the parties' papers the amount Plaintiff originally sought from Defendants or the amounts Plaintiff will receive as unpaid wages and as liquidated damages.

3. The agreement contains a release of "any other claims that [Plaintiff has], may have, or could have asserted in the . . . lawsuit . . . ." District courts have found that the scope of a pervasive release - that is "known and unknown," or "past, present and future," or "statutory or common law" - is inconsistent with the aims of the FLSA.

2

Moreno, 729 F. Supp. 2d at 1352.  Such releases "confer [ ] an uncompensated, unevaluated, and unfair benefit on the employer."  Id. at 1351-52.  Consequently, an FLSA settlement that contains a pervasive release of unknown claims fails judicial scrutiny.  Id. at 1352.

Here, the release contains language that releases claims potentially unknown to Plaintiff and if enforced, would bar Plaintiff from bringing claims unrelated to his FLSA claims.  If the parties intend to keep this release as part of their settlement they should explain the value of the release (in dollars), how that value is determined, and why the release is fair and reasonable.

4.  The release contains language stating that the terms of the settlement are confidential.  A provision requiring confidentiality contravenes FLSA policy and is unenforceable.  Dees, 706 F. Supp. 2d at 1242-43.  The Court will not approve or enforce a provision that calls for the parties to keep the terms of the settlement confidential.

5.  The agreement provides that each party will bear its own attorney fees and costs.  The "FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).  Indeed, the FLSA requires judicial review of the reasonableness of the Plaintiff's attorney's fees to ensure fairness to the attorney and to ensure that the Plaintiff is not deprived of any amounts to which he is unconditionally entitled.  Id.   Under the parties' agreement, judicial review of attorney's fees would not occur.  Alternatively, if Plaintiff is not paying attorneys' fees, then he should so advise the Court.

For the foregoing reasons, the Court will grant the parties leave to file a revised proposed settlement agreement and supplemental briefing no later than August 10, 2012, taking into consideration the Court's concerns set forth herein.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, FL on July 25, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel