## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HECTOR HERNANDEZ-LUNA,

      Plaintiff,

v.                                        Case No:  6:12-cv-575-Orl-28TBS

W.K. EVENTS, INC. and INTERSTATE
AMUSEMENTS OF AMERICA, INC.,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

      Pending before the Court is the parties' Re-executed Joint Motion and Memorandum of Law for Approval of Settlement and Dismissal with Prejudice.  (Doc. 18). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims. The Court has examined the motion and the Settlement Agreement, and for the reasons set forth herein, respectfully recommends that the motion be GRANTED.

### I.  Background

      On April 16, 2012, Plaintiff Hector Hernandez-Luna filed an action in federal court against his former employers W.K. Events, Inc. and Interstate Amusements of America, Inc. for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.   (Doc. 1).  Defendants jointly operate a business that provides amusement rides to fairs and carnivals in Florida and other states.

---

      [1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

(Doc. 1 ¶ 11).  Defendants applied for temporary certification, pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b), to employ foreign workers to assemble, disassemble, and operate the amusement rides.  (Id. ¶¶ 12, 14).  Defendants recruited Plaintiff, a citizen of Mexico, for one of these so-called H-2B positions and required him to pay for his visa application and traveling costs, a sum exceeding 5000 pesos (nearly $400 U.S. dollars).  (Id. ¶¶ 8,17).

Plaintiff made his way to Florida, where he ordinarily worked for Defendants seven days a week for ten to twelve hours a day.  (Id. ¶ 21).  Plaintiff alleges that Defendants paid him $300 per week, regardless of the number of hours he worked, and Defendants did not compensate him for overtime work.  (Id. ¶ 22).  Defendants also did not compensate Plaintiff for his traveling expenses and discharged him weeks before his contract was set to end.  (Id. ¶ 25).  Defendant W.K. events admits it employed Plaintiff, but denies the remainder of his allegations.  (Doc. 15). Defendant Interstate Amusements of America, Inc. denies that Plaintiff was ever in its employ.  (Doc. 16).

On July 11, 2012, the parties advised the Court that they had reached an agreement to resolve their dispute and sought approval of their agreement.  (Doc. 12).  I found the motion and agreement deficient; however, rather than recommend the Court deny the parties' motion, I outlined my concerns to the parties and granted leave to revise both no later than August 10, 2012.  (Doc. 13).  The parties did not revise their motion or their agreement in the time allotted, and on August 14, 2012 I issued a report recommending the Court deny the parties' motion. (Doc. 17).  The parties have now filed a revised motion and settlement agreement (Doc. 18).  In light of their new filing, I have withdrawn as moot my previous report. (Doc. 19).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc., 679 F.2d at 1353.

To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.  The Court's assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).  The Court has reviewed the terms of the settlement agreement within the framework set by this case and its progeny and has concluded that the parties' revised motion is due to be granted.

The parties' previous motion for approval of their settlement agreement was unclear as to the amounts Plaintiff was to receive in unpaid wages, unpaid reimbursements, unpaid overtime, and the amount (if any), Plaintiff was to receive as liquidated damages.  (Doc. 13. at 2).  The settlement agreement also contained a

pervasive release, a confidentiality provision, and a provision that the parties would bear their own attorneys' fees and costs, all of which contravene the aims of the FLSA. (Id. at 3,4). These deficiencies prevented me from recommending the Court approve the parties' agreement.

The revised motion and agreement state that Plaintiff will accept $5,000 in full settlement of his minimum wage and overtime claims. The parties have not provided for liquidated damages. Typically, under the FLSA a plaintiff is entitled to their unpaid wages and an equal amount of liquidated damages, but the circumstances of this case are unusual. Defendants assert that they qualify for an FLSA exemption under the Amusement and Recreations Exemption, 29 U.S.C. § 213(a)(3) and are therefore not subject to the minimum wage or overtime requirements. Defendants maintain that they do not owe Plaintiff anything, but have agreed to compromise and settle with Plaintiff in order to resolve this case quickly and avoid further legal expense. (Doc. 18 at 2-3).

Plaintiff is a foreign citizen who has returned to his home in Mexico. It would be problematic for Plaintiff to continue to prosecute his case from Mexico. If he were to continue to prosecute his case, Plaintiff's costs, including the cost to travel to and from Mexico, would likely be prohibitively expensive. In light of these circumstances, where distance makes the suit unusually difficult for Plaintiff and Defendants claim a full exemption from the requirements of the FLSA, the parties believe $5,000 is a fair and reasonable compromise of Plaintiff's claims and I agree.

The parties have retained the portion of their original agreement containing Plaintiff's release of claims, but have removed the pervasive language. They have also removed the confidentiality provision from the agreement. Finally, while the agreement still contains a provision that each party will bear their own attorneys' fees and costs, a

footnote in the parties' motion states "[i]n an effort to resolve this matter at this early juncture, counsel for the Plaintiff has waived all attorney's fees claims as part of this settlement."  (Doc. 18 at 7 n.1).  Therefore, Plaintiff's right to receive attorney's fees is only facially compromised, because Plaintiff's counsel has graciously agreed to waive all fees in this action.  Plaintiff's award is not lessened by this compromise.

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that the Court:

1. **APPROVE** the parties' Settlement Agreement.

2. **GRANT** the parties' Re-executed Joint Motion and Memorandum of Law for Approval of Settlement and Dismissal with Prejudice (Doc. 18).

3. **TERMINATE** all other pending motions.

4. **DISMISS** this action with prejudice.

5. **DIRECT** the Clerk to close the file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 22, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    The Presiding District Judge
    Counsel of Record